# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

Lyle W. Cayce
Clerk

No. 11-51081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO SALAZAR ROCHA, also known as Jose Salazar-Rocha, also known as Antonio Gaytan,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1330-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Salazar Rocha (Salazar) appeals from the sentences imposed by the district court following his guilty-plea convictions of one count of attempted illegal reentry and one count of fraud and misuse of visas, permits, and other documents; the district court sentenced him within the applicable guidelines range to 18 months of imprisonment on each count. He argues that the sentences imposed are substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51081

This court reviews sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we must ensure that the sentencing court committed no significant procedural error. *Gall*, 552 U.S. at 51. If the district court's sentencing decision is procedurally sound, we review the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.* Because Salazar's sentence falls within the applicable guidelines range, it "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). However, as he concedes, we review his sentence only for plain error because he failed to object to it in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

This court has rejected Salazar's arguments that sentences determined under U.S.S.G. § 2L1.2 are unreasonable because § 2L1.2 is not empirically grounded and because prior convictions may count toward both offense level and criminal history category calculations. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). With regard to his contention that the district court failed to account sufficiently for his particular circumstances in its 18 U.S.C. § 3553(a) analysis, he brought these circumstances to the attention of the district court, and this court recognizes that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Whether or not we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Finally, as Salazar concedes, his argument that his inability to participate in a fast-track program creates an unwarranted sentencing disparity is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

AFFIRMED.